**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4852**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

TROY WARREN,

              Defendant – Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:06-cr-00450-FDW-1)

Submitted:  July 28, 2009            Decided:  August 10, 2009

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ross H. Richardson,
Elizabeth Blackwood, FEDERAL DEFENDERS OF WESTERN NORTHERN
CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Amy
Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Warren pled guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). The probation office prepared a presentence investigation report in which Warren was determined to be a career offender with an advisory guidelines range of 151 to 188 months' imprisonment. At the conclusion of Warren's sentencing hearing, the district court sentenced Warren to 180 months' imprisonment each count, to be served concurrently. Warren timely noted his appeal. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Warren has also filed two pro se supplemental briefs.

In his counseled Anders brief, Warren suggests that his sentence is procedurally and substantively unreasonable. This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, the appellate court must first ensure that the district court committed no procedural error, such as failing to calculate or improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

2

sentence - including an explanation for any deviation from the Guidelines range. <u>Gall</u>, 128 S. Ct. at 597. If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. <u>Id.</u> A substantive reasonableness review entails taking into account the totality of the circumstances. <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). Further, this court may presume a sentence within the guidelines range to be reasonable. <u>Id.</u> Even if the reviewing court would have reached a different result, this fact alone is insufficient to justify reversal of the district court. <u>Id.</u> at 474.

"When rendering a sentence, the district court must make an <u>individualized</u> assessment based on the facts presented." <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009) (quoting <u>Gall</u>, 128 S. Ct. at 597) (internal quotations omitted)). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. <u>Id.</u> Stating in open court the particular reasons for a chosen sentence requires the district court to set forth enough to satisfy this court that the district court has a reasoned basis for its decision and has considered the parties' arguments. <u>Id.</u> <u>Carter</u>, though, does not require a sentencing court to "robotically tick through" otherwise irrelevant

3

subsections of § 3553(a).  See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

According to Warren, the district court, in imposing his sentence, failed to properly consider the first 18 U.S.C. § 3553(a)(2006) factor by failing to consider that he, in effect, turned himself in to authorities and by failing to consider that he confessed to two additional robberies for which he was not yet a suspect.  We have reviewed the record and conclude that Warren's argument is wholly without merit.  The district court provided a thorough, detailed explanation for Warren's sentence that specifically addressed Warren's principal sentencing argument regarding his addiction to crack cocaine. The district court also properly calculated Warren's advisory guidelines range, heard the arguments of counsel, and listened to Warren's allocution prior to imposing sentence.  Accordingly, the district court did not commit procedural error in sentencing Warren.  Also, the record fails to rebut the presumption of reasonableness we apply on appeal to Warren's within-guidelines sentence.  See Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2459 (2007); Pauley, 511 F.3d at 473.

Warren has also filed two pro se supplemental briefs in which he raises three arguments.  First, Warren argues that he was improperly classified as a career offender because attempted armed robbery under New York law encompasses both

4

violent and non-violent conduct. Warren's claim is without merit. See N.Y. Penal Law §§ 110.00 & 160.15. Warren also claims that, because he was convicted of attempted armed robbery - as opposed to armed robbery - his offense was improperly used to apply the career offender enhancement. This argument, however, ignores that a "crime of violence" within the meaning of U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) includes an attempt to commit a crime of violence. USSG § 4B1.2 comment n.1. Finally, Warren argues that his trial counsel was ineffective. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes trial counsel's ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). The record here does not conclusively establish that trial counsel provided ineffective assistance.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Warren's conviction and sentence. This court requires that counsel inform Warren, in writing, of the right to petition the Supreme Court of the United States for further review. If Warren requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on Warren.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED